**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 11, 2026

**BY ECF**

# MEMO ENDORSED

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Brian Gonzalez et al.*, 25 Cr. 576 (SHS)**

Dear Judge Stein:

The Government respectfully moves for the Court to continue the defense motion deadline to October 26, 2026 and to exclude time under the Speedy Trial Act through that date because the ends of justice served by this exclusion outweigh the best interests of the public and the defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

At the last status conference in this case, the Court set a deadline for defense motions of September 11, 2026 and excluded time only through that date, *see* Aug. 4, 2026 Minute Entry, relying on the fact that the filing of a defense motion would toll the Speedy Trial clock as a matter of law pursuant to 18 U.S.C. § 3161(h)(1)(D). This week, three defendants (Bryan Cowan, Ira Boyce, and Brian Hernandez) asked the Court to adjourn the motion deadline by at least a month, and one of those motions (Cowan's) has been granted, setting his deadline at October 26. *See* Dkt. ##130-132. A fourth defendant (Caesar Hernandez) has similarly conveyed to the Government that a 45-day extension is needed for discovery review and consideration of possible motions.[1]

In the interest of keeping uniformity among the defendants, the Government would consent to extending the case-wide motion deadline to October 26, 2026, consistent with the extension already granted to Cowan. In addition, the Government respectfully requests that time be excluded through the new motion date, pursuant to 18 U.S.C. § 3161(h)(7)(A). This is supported by the same justifications that the Court initially cited when excluding time through the current motions deadline: because the ends of justice are best served by affording the defendants sufficient time to review discovery, assess possible motions, and consider pending plea offers that the Government has circulated. Although the Government has not

[1] Notably, counsel for Caesar Hernandez also joined the case six months into the proceedings, having replaced prior counsel in late-June 2026. *See* Dkt. #114.

had the opportunity to ascertain all of counsels' positions on this Speedy Trial exclusion, the fact that four defendants seek more time to file motions—and that all defendants have engaged in some degree of plea negotiations—demonstrates the appropriateness of tolling the clock. Finally, the Government respectfully submits that the filing of this motion itself stops the clock under 18 U.S.C. § 3161(h)(1)(D) pending the Court's disposition.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: [signature]
Frank J. Balsamello / Diarra Guthrie
Assistant United States Attorneys
(212) 637-2325 / -2463

cc: All defense counsel of record (by ECF)

**The last day for any defendant to file a motion is extended to October 26, 2026. The government's response is due by November 9, 2026, any reply is due by November 16, 2026. The October 9 conference is adjourned to October 29, 2026, at 11:30 a.m. The time is excluded from calculation under the Speedy Trial Act from today until October 26, 2026. The Court finds that the ends of justice served by this continuance outweigh the best interest of the public and the defendants in a speedy trial pursuant to 18 U.S.C. Section 3161(h)(7)(A).**

**Dated: New York, New York
September 14, 2026**

**SO ORDERED:**

[signature]
**Sidney H. Stein, U.S.D.J.**